UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
WAYNE PERRYMAN, *et al.*,           )
                                    )   No. C17-0274RSL
                  Plaintiffs,       )
       v.                           )
                                    )   ORDER DENYING PLAINTIFFS'
CITY OF SEATTLE POLICE, *et al.*,   )   MOTION FOR SUMMARY
                                    )   JUDGMENT
                  Defendants.       )
_____)

This matter comes before the Court on plaintiffs' "Motion for Summary Judgment." Dkt. # 15. Plaintiffs allege that defendant Justin Ismael and security guards employed by defendant Rhino Room deliberately and intentionally framed plaintiff Sean Perryman for injuries Ismael suffered in a fight outside the Rhino Room on April 4, 2015. Plaintiffs also allege that the police officers who responded to the scene mishandled the investigation insofar as they presumed that the only African American at the scene was guilty and therefore did not review the surveillance tapes that captured the melee.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that

show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiffs' claims against the City of Seattle have been dismissed because plaintiffs have failed to allege facts giving rise to a plausible inference that the municipality could be liable. Plaintiffs' motion for summary judgment against the City is therefore DENIED.

With regards to defendants Rhino Room and Ismael, plaintiffs have not identified the nature of their claim(s). It is possible that plaintiffs are asserting a false arrest claim against Rhino Room and/or defamation, assault, battery, abuse of process, outrage, conspiracy,

malicious prosecution, or violations of 42 U.S.C. § 1983 against Rhino Room and Ismael.[1] Each type of claim has different elements. To prove a § 1983 claim, for example, plaintiffs would have to show that Rhino Room and Ismael jointly participated with the police in action "under color" of state law. To establish a conspiracy claim, plaintiffs will have to prove the existence of an agreement between the defendants. A defamation claim requires plaintiffs to show that defendants' statements were not privileged. Without knowing what type of claim is being asserted, the Court cannot determine whether the limited evidence provided establishes each element of the claim(s) as a matter of law.[2] Plaintiffs have not, therefore, shown that they are entitled to a summary judgment of liability against Rhino Room or Ismael.

For all of the foregoing reasons, plaintiffs' motion for summary judgment is DENIED.

Dated this 25th day of May, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[1] The Court offers no opinion regarding the viability of such claims.

[2] Although plaintiffs make assertions in their motion regarding statements made and specific events that are not captured on the videos, they do not provide declarations or other admissible evidence in support of those assertions.

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT -3-