UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                      )
WAYNE PERRYMAN, *et al.*,             )
                                      )   No. C17-0274RSL
                 Plaintiffs,          )
         v.                           )
                                      )   ORDER DENYING PLAINTIFFS'
CITY OF SEATTLE POLICE, *et al.*,     )   MOTION FOR RECONSIDERATION
                                      )
                 Defendants.          )
_____)

This matter comes before the Court on plaintiffs' "Motion for Reconsideration of Summary Judgment." Dkt. # 45.[1] Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).

Plaintiffs acknowledge that the police officers at the scene had no legal obligation to obtain and review the surveillance video before determining that they had probable cause to arrest Sean Perryman. The Court understands the frustration plaintiffs feel about how Sean

---

[1] The Court granted the City defendants' motion to dismiss under Fed. R. Civ. P. 12. Motions to dismiss are decided based on the allegations of the complaint and the key evidence on which the allegations are based (in this case, the documents attached to the complaint and the surveillance videos). The Court did not consider evidence that was not part of the complaint or apply the summary judgment standards.

ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION

Perryman was treated at the scene on April 4, 2015. However, while the Court is sympathetic to plaintiffs' wish that the authorities would consider the larger societal issue of whether or not an African-American was mistreated on "moral" grounds, it is the Court's responsibility to limit its review to the <u>legal</u> obligations at issue.

Keeping in mind the Court's role, the municipal defendants satisfied their constitutional duties. Even if one were to assume that a more thorough investigation would have convinced the officers that Justin Ismael, rather than Sean Perryman, was the aggressor and/or that certain witnesses were untrustworthy, the Constitution requires a reasonable, not a perfect, investigation when determining probable cause. Although plaintiffs clearly disagree with the Court's conclusion that the officers had probable cause to arrest Sean Perryman, they have not shown manifest error or provided new evidence. Plaintiffs have therefore not met their burden. The motion for reconsideration is DENIED.

Dated this 7th day of June, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge