UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
WAYNE PERRYMAN, *et al.*,            )
)   No. C17-0274RSL
            Plaintiffs,               )
    v.                                )
)   ORDER GRANTING DEFENDANTS'
CITY OF SEATTLE POLICE, *et al.*,    )   MOTION FOR PARTIAL SUMMARY
)   JUDGMENT
            Defendants.               )
_____)

This matter comes before the Court on "Defendants' Motion for Partial Summary Judgment re Claims by Plaintiff Wayne Perryman and Claims Under RCW 9A.76.175." Dkt. # 58. Plaintiffs allege that defendant Justin Ismael and security guards employed by defendant Rhino Room deliberately and intentionally framed plaintiff Sean Perryman for injuries Ismael suffered in a fight outside the Rhino Room on April 4, 2015. Plaintiffs assert causes of action described as "violations of 42 U.S. Code 1983 for defamation, deprivation of rights and privileges, violations of 42 U.S. Code 2000a for denial of equal access, and for Malicious Intent for making false statements that were not privileged for the sole purpose of having Sean C. Perryman arrested for a crime he did not commit." Dkt. # 46 at 1.[1] Plaintiff Wayne Perryman

---

[1] To the extent plaintiffs have asserted a separate cause of action under RCW 9A.76.175, that claim fails as a matter of law. The statute provides that making a false or misleading material statement to a police officer is a gross misdemeanor. It is a criminal statute and does not create a private right of action.

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

alleges that he suffered financial, reputational, and emotional damages as a result of defendants' conduct toward his son.

Reverend Perryman does not and cannot allege that defendants discriminated against him, that he was denied a public accommodation, or that he was defamed or framed. Rather, Reverend Perryman seeks to recover for harms he personally suffered that are causally related to defendants' alleged mistreatment of his son. In particular, Reverend Perryman asserts that he had to borrow money to pay Sean's legal bills and medical costs, that the family name has been tarnished, and that he continues to worry about Sean's future now that his son has an arrest on his record. There are certain "limits on the class of persons who may invoke the courts' decisional and remedial powers," however. Warth v. Seldin, 422 U.S. 490, 499 (1975). Even where plaintiff has suffered a legally cognizable injury such as medical costs or emotional damages, the Supreme Court has held that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal right or interests of third parties." Id. Reverend Perryman's claim is essentially that defendants' violations of his son's rights caused damage to the father. The prudential limitations the federal judiciary has imposed on standing do not permit such a claim.

For all of the foregoing reasons, defendants' motion for partial summary judgment is GRANTED. The claims asserted by Reverend Wayne Perryman and any claim asserted under RCW 9A.76.175 are hereby DISMISSED.

Dated this 24th day of October, 2017.

*MWT S Lasnik*

Robert S. Lasnik
United States District Judge