1

2

3

4

5

6                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    _____
                                           )
9    WAYNE PERRYMAN, *et al.*,             )
                                           )      No. C17-0274RSL
10                          Plaintiffs,    )
           v.                              )
11                                         )      ORDER DENYING PLAINTIFF'S
     CITY OF SEATTLE POLICE, *et al.*,     )      MOTION FOR RECONSIDERATION
12                                         )
                            Defendants.    )
13   _____)

14

15         This matter comes before the Court on "Plaintiff's Motion for Reconsideration." Dkt.

16   # 79.  Plaintiff[1] alleges that defendant Justin Ismael and security guards employed by defendant

17   Rhino Room deliberately and intentionally framed plaintiff for injuries Ismael suffered in a fight

18   outside the Rhino Room on April 4, 2015. Plaintiff asserts causes of action described as

19   "violations of 42 U.S. Code 1983 for defamation, deprivation of rights and privileges, violations

20   of 42 U.S. Code 2000a for denial of equal access, and for Malicious Intent for making false

21   statements that were not privileged for the sole purpose of having Sean C. Perryman arrested for

22   a crime he did not commit." Dkt. # 46 at 1. In his motion for reconsideration, plaintiff argues

23   that the Court made certain findings of fact in the context of his summary judgment motion that

     compel the conclusion that defendants are liable for his injuries.
24

25         [1] The claims of Reverend Wayne Perryman have been dismissed for lack of standing. The only
     remaining plaintiff is Sean Perryman.
26
     ORDER DENYING PLAINTIFF'S
     MOTION FOR RECONSIDERATION

The Court did not find that the manager of security for the Rhino Room, James Hargens, made false statements that contributed to the officers' decision to arrest Perryman. Rather, the Court assumed those facts to be true. The motion for summary judgment was nevertheless denied because, even with those assumptions in place, plaintiff failed to establish key elements of his claims, including that defendants are state actors and/or that they acted with the requisite intent. Plaintiff has argued, and will undoubtedly continue to argue, that defendants conspired with each other and intentionally lied to the police so that plaintiff would be arrested for Ismael's injuries. That the argument can be made does not mean that summary judgment is appropriate. Summary judgment is granted only where there are no disputes of material fact and a party establishes each and every element of his legal claim. In this case, there are both factual and legal disputes that must be resolved before liability can be ascertained. Genuine disputes of fact will be resolved by the jury: whether undisputed facts satisfy the elements of a legal claim will be resolved by the Court.

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). Plaintiff has not met this burden. The motion for reconsideration is therefore DENIED.

Dated this 1st day of November, 2017.

MWS Casnik

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION                    -2-