UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
SEAN PERRYMAN,

              Plaintiff,

     v.

RHINO ROOM, *et al.*,

              Defendants.
_____

Case No. C17-0274RSL

ORDER GRANTING IN PART
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER

      This matter comes before the Court on defendants' revised "Motion for Protective Order and Status Conference" (Dkt. # 83-1) and a "Change of Status" filed by the Reverend Wayne Perryman on behalf of his son, Sean. Having reviewed the memoranda, declarations, and exhibits submitted, the Court finds as follows:

      1. Litigants in federal court have an obligation to comply with discovery requests, including notices of deposition. Despite the number of declarations submitted in this matter,[1] the parties have a right to ask witnesses about things the declarant may not have wanted to talk about in the declaration, to probe the veracity of statements made therein, and to inquire about damages and other elements of the claims and defenses.

      2. At a deposition, the witness is put under oath or affirmation by an officer authorized or

---

[1] Statements made in memoranda and hearsay statements contained in declarations and exhibits are not evidence.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER

1 appointed to administer the oath, the testimony is recorded, and the witness must answer the
2 questions asked. There are very few exceptions to the requirement that a witness respond to the
3 substance of the question.[2] An evasive, unresponsive, or incomplete answer is treated as a failure
4 to respond and may expose the witness to sanctions under Fed. R. Civ. P. 37.

3. In the context of this case, the security video is only one piece of the evidence that will be considered by the trier of fact. There are events that take place off camera, there are ambiguous events, there is dialogue that is not captured, and there are events before and after the video that are relevant. Each party must be permitted to ask the other about what he remembers about the events of April 4, 2015, what motivated the actions seen on the security video, what happened in the off-camera or ambiguous moments, and other facts that are relevant to the claims and defenses asserted in this litigation. Failure to fully and completely respond to such questions may result in sanctions under Fed. R. Civ. P. 37.

4. Defendant seeks a protective order limiting who may be present at the depositions in this matter. Plaintiff has stated that he is afraid of defendants and defense counsel and wants to bring armed security guards to his deposition. Dkt. # 83-2 at 11. Plaintiff has also notified defendants that he wants to depose four individuals at Mount Calvary Christian Center, which his father says "is large enough to accommodate a large crowd and it has a big screen so everyone can see video and Police Cams as part of the Deposition process." Dkt. # 83-2 at 7-8. Plaintiff apparently intends to advertise the depositions on the radio and social media and to

---

[2] Even when a question is objectionable, the objection "must be stated in a nonargumentative and nonsuggestive manner" so that it can be recorded and the examination continues. Fed. R. Civ. P. 30(c)(2). In the rare case that a party or deponent believes the deposition is being conducted "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the party or deponent," the objecting party may demand that the deposition be suspended and file a motion to terminate or limit the questioning. Fed. R. Civ. P. 30(d)(3). If a deposition is suspended for any reason in this litigation, the objecting party shall file a motion seeking Court approval to terminate or limit the deposition as soon as possible, but no later than three days after the deposition was suspended.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER            -2-

open the depositions to the public at large.

There is no public right of access to a deposition, and the Federal Rules of Civil Procedure expressly authorize limitations on who may be present while the deposition is conducted. Fed. R. Civ. P. 26(c)(1)(E). Generally, only the court reporter, the parties, the witness, and counsel are present. Depositions can be stressful, however, and the Court will allow each witness to have a support person in attendance. While the witness is free to choose whomever they would like as a support person, that person shall not participate in the deposition in any way. The examination of witnesses at a deposition generally proceeds as it would at trial. Fed. R. Civ. P. 30(c)(1). Questions are asked and answered as if the witness were testifying in the courtroom: only the questioner, the witness and, if represented, the witness' lawyer participate in the discussion. All other persons are silent observers, just as a person in the back of a courtroom during trial would be. The support persons may not interrupt the questioning, coach the witness, or otherwise interject themselves into the record of the proceeding. "The court may impose an appropriate sanction - including the reasonable expenses and attorney's fees incurred by any party - on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

The Court finds no justification for and expressly forbids the presence of any sort of weapon at a deposition under this cause number. The Court also finds no justification for opening the depositions to the public. As specified in this order, only the court reporter/officer, the parties, the witness, his or her support person, and counsel of record shall be permitted to attend the depositions. All depositions in this matter shall occur in the United States District Courthouse at 700 Stewart Street. The parties shall contact the judicial assistant, Teri Roberts, at (206) 370-8810, prior to issuing a notice of deposition to schedule an available date and location for the depositions.

5. The Reverend Perryman recently notified the Court that his son has left the district and is seeking employment in Dallas, TX. He states that his son intends to pursue this lawsuit, but has no firm plans to return to the area. The statements appear to be incompatible. Defendants have noted Sean's deposition and are only awaiting resolution of the protective order issues to proceed. Expert reports are due on January 3, 2018, and discovery must be completed by March 4, 2018. Plaintiff shall, within seven days of the date of this Order, file a status report notifying the Court whether he will make himself available for discovery pursuant to the existing case management schedule or whether he would prefer that this action be stayed for a specified period of time.[3]

Dated this 13th day of December, 2017.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] This information must come directly from plaintiff, Sean Perryman. His father is not permitted to represent him in this matter, and any attempt to relay Sean's wishes would constitute hearsay.