UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
SEAN PERRYMAN,                      )
                                    )    Case No. C17-0274RSL
                   Plaintiff,       )
        v.                          )
                                    )    ORDER
RHINO ROOM, *et al.*,               )
                                    )
                   Defendants.      )
_____)

This matter comes before the Court on plaintiff Sean Perryman's "Request to Depose Defendants in Written Questions." Dkt. # 91.[1] To the extent plaintiff seeks permission to conduct depositions by written questions, the request for relief is DENIED as unnecessary. Plaintiff does not need the Court's permission to initiate a deposition by written questions in these circumstances. Fed. R. Civ. P. 31(a)(2).

A review of the request suggests, however, that plaintiff is confusing depositions by written questions with interrogatories. The written questions submitted for Messrs. Ismael and Gabre-Kidan direct the witnesses to insert written responses and mail hard copies back to plaintiff. Written questions and responses, without oral testimony or transcripts, are more

---

[1] Dkt. # 91, as filed, does not include the questions plaintiff wants to ask defendant Justin Ismael or the owner of defendant Rhino Room, Patrick Gabre-Kidan. The courtesy copy submitted for chambers, however, includes the lists of questions. Plaintiff shall make every effort to ensure that the documents submitted to the chambers for review match those that are filed in the electronic docket. The lists of questions are attached to this Order for reference.

ORDER

appropriately characterized as interrogatories authorized under Rule 34. A deposition by written questions, on the other hand, is authorized by Rule 31 and follows a completely different procedure

Pursuant to Rule 31, the party taking the deposition by written questions sends out a notice that identifies the witness, the name and address of the officer before whom the deposition will be taken, the date, time, and location where the deposition will be held, and the list of questions. See Fed. R. Civ. P. 31 (a)(3); Dallas Buyers Club, LLC v. Doe-68.7.128.206, 2016 WL 3854548, at * 2 (S.D. Cal. July 15, 2016); Lopez v. Horel, 2007 WL 2177460, at *2 n.2 (N.D. Cal. July 27, 2007). The parties then have proscribed periods of time in which to submit cross-questions, redirect questions, and recross-questions, after which the party taking the deposition delivers a copy of all of the questions to the officer who will conduct the deposition. Fed. R. Civ. P. 31(a)(5) and (b). The deposition then proceeds at the date, time, and location specified in the notice in a manner similar to an oral deposition under Rule 30. The witness is put under oath, and the officer asks the questions and records the answers verbatim. Following the deposition, a transcript is prepared and sent to the party who initiated the process. That party then notifies all other parties that the transcript is available. Fed. R. Civ. P. 31(b) and (c).

Assuming plaintiff intends to take a deposition by written questions instead of serving interrogatories, the notice dated December 21, 2017, is deficient. Plaintiff has not identified the officer before whom the deposition will be taken, has not set the date or time of the deposition, and has not allowed sufficient time for interested parties to provide written questions. The notice is therefore STRICKEN. Plaintiff shall review Rules 31 and 34, determine which discovery tool is preferable, and comply with the applicable procedures. If plaintiff intends to take a deposition by written questions, he shall contact Teri Roberts, the judicial assistant, to confirm when space in the federal courthouse is available before sending out a revised notice of deposition.

Plaintiff is again reminded that he must file a status report notifying the Court whether he will make himself available for discovery pursuant to the existing case management schedule or

ORDER -2-

whether he would prefer that this action be stayed for a specified period of time in light of his relocation to Dallas, Texas. This information must come directly from plaintiff, Sean Perryman. His father is not permitted to represent him in this matter, and any attempt to relay Sean's wishes would constitute hearsay. The status report must be filed by tomorrow at 4:30 pm. If Sean fails to timely apprise the Court of the status of this case, sanctions may be imposed, including dismissal of the claims.

Dated this 4th day of January, 2018.

Robert S. Lasnik
United States District Judge