UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
SEAN PERRYMAN,                      )
                                    )
                     Plaintiff,     )   Case No. C17-0274RSL
          v.                        )
                                    )
RHINO ROOM, *et al.*,               )   ORDER REGARDING MOTION TO
                                    )   APPOINT COUNSEL
                     Defendants.    )
_____ )

This matter comes before the Court on plaintiff's "Application for Court-Appointed Counsel." Dkt. # 101.[1] Unlike indigent defendants in criminal cases, civil litigants have no constitutional right to counsel at the expense of another. Although the judiciary will sometimes request that members of the bar assist plaintiffs under the authority of 28 U.S.C. § 1915(e)(1), it does so only in exceptional circumstances. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). When determining whether to appoint counsel, the courts of the Ninth Circuit generally consider whether plaintiff is indigent, the likelihood of success on the merits, and plaintiff's ability "to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

---

[1] Plaintiff also filed a "Motion to Stay to Obtain Court Appointed Legal Counsel for Pro Se Litigants" (Dkt. # 103) in which he seeks a stay of this litigation until his request for counsel is resolved. Scheduling depositions has been difficult in this case, however, and counsel for defendant Rhino Room will not be available for proceedings in this litigation from February 1 to March 1, 2018. The Court will not grant the requested relief before giving defendants an opportunity to respond. The motion for stay is therefore noted for consideration on the Court's calendar for January 26, 2018.

ORDER

The Court finds that the second and third factors support the appointment of counsel to represent Mr. Perryman. His pro se status is clearly impairing his ability to identify applicable legal theories, to focus his discovery and argument on the elements of potentially viable causes of action, and to pursue some of the forms of relief he seeks. Plaintiff has not, however, provided information regarding his financial circumstances. If plaintiff is able to afford an attorney, he would not be entitled to counsel at the expense of another.[2] Plaintiff shall, therefore, complete under penalty of perjury the attached Financial Affidavit and filed it within fourteen days of the date of this Order.

Dated this 10th day of January, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Plaintiffs were granted leave to appeal in forma pauperis in July 2017, but the application was filed by the Reverend Wayne Perryman and contained very little information regarding plaintiff's financial condition (then or now).

ORDER -2-

# FINANCIAL AFFIDAVIT

I, Sean Perryman, declare that I am the plaintiff in this case and that I am unable to afford an attorney. In support of my request for appointment of counsel, I answer *all* of the following questions as follows:

1. Are you presently employed?

☐ Yes   Total amount of net monthly salary (take home pay) $_____

   Name and address of employer _____

☐ No    Date of last employment _____Total amount of last net monthly salary $_____

2. If married, is your spouse presently employed?      ☐ Not married

☐ Yes   Total amount of spouse's net monthly salary (take home pay) $_____

   Name and address of employer _____

☐ No    Date of spouse's last employment _____Total amount of last net monthly salary $_____

3. For the past twelve months, list the amount of money you and/or your spouse have received from any of the following sources:

a. Business, profession, or other self-employment            $_____
b. Income from rent, interest, or dividends                  $_____
c. Pensions, annuities, or life insurance payments           $_____
d. Disability, unemployment, workers compensation, or public assistance  $_____
e. Gifts or inheritance                                      $_____
f. Money received from child support or alimony              $_____
g. Describe any other source of income_____   $_____

4. List the amount for each of the following for you and/or your spouse:

Cash on hand  $_____     Checking Account  $_____     Savings Account  $_____

5. Do you and/or your spouse own or have any interest in any real estate, stocks, bonds, notes, retirement plans, automobiles, or other valuable property (valued at over $500 excluding ordinary household furnishings and clothing)? If Yes, describe the property and state its approximate value:

☐ Yes                                                                                              $_____

☐ No

6. Are any persons dependent upon you or your spouse for support? If Yes, state their relationship to you or your spouse, and indicate how much is contributed toward their support each month. (Do not include names of minor children.)

☐ Yes                                                                                              $_____

☐ No

7. Describe the types of monthly expenses you incur, such as housing, transportation, utilities, loan payments, or other regular monthly expenses and the amount spent each month.

$_____

8. Provide any other information that will help explain why you cannot afford to hire an attorney.

I declare under penalty of perjury that the foregoing is true and correct.

_____    _____
Date                                              Signature of Sean Perryman